UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL AVILES,

                       Plaintiff,

   -against-

C.O. BRUCE DAVID TUCKER,

                       Defendant.

No. 14-cv-08636 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Michael Aviles brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Defendant Correction Officer Bruce David Tucker relating to Defendant's allegedly inappropriate frisk of Plaintiff. Presently before the Court is Defendant's motion to dismiss the Complaint. (ECF No. 18.)[1] For the following reasons, Defendant's motion to dismiss is GRANTED.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/1/2016
```

---

[1] By letter dated May 13, 2016, Defendant notified the Court that Plaintiff did not serve Defendant with papers opposing Defendant's motion to dismiss. (ECF No. 20.) The Court also did not receive opposition papers from Plaintiff. Defendant further noted that Plaintiff was released from custody of the New York Department of Corrections and Community Supervision to parole on January 7, 2016 but never notified the Court of his new address. (ECF No. 20.) Defendant sent copies of its motion papers to Plaintiff at Sullivan Correctional Facility—the address listed on the docket—and at Bronx Psychiatric Center—the last known address of Plaintiff in the possession of the New York State Department of Corrections and Community Supervision. Even though Plaintiff is proceeding *pro se* in this action, it is his responsibility to notify the Court if his address changes. The Court informed Plaintiff that if he failed to notify the Court of an address change, his case could be dismissed. (ECF No. 9 at 2.) Furthermore, Plaintiff received an FRCP 4 Service Package on November 23, 2015, which contained easy-to-use change of address postcards. As Plaintiff failed to update the Court with his new address or submit opposition papers, Defendant's motion was deemed unopposed by the Court. (ECF No. 20.)

## BACKGROUND[2]

Plaintiff alleges that while he was an inmate at Sullivan Correctional Facility,[3] Defendant frisked him "very [inappropriately] and very aggressively" by "swiping and grabbing [Plaintiff's] privates" and "[shoving] [Plaintiff] against the wall." (Compl. at 2.) Defendant also made threats to Plaintiff and Plaintiff's family regarding money. (*Id.* at 3.) Though Plaintiff alleges that he called the New York City Sexual Abuse Prevention, which has a record of his complaints,[4] he explicitly states in the Complaint that he did not file a grievance because he was scared that officers in the facility would "beat" him. (Compl. at 2, 4.) He describes that he "felt very scared and feared for [his] life." (*Id.*)

## STANDARD ON A MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir.

---

[2] The following facts are derived from the Complaint (ECF No. 1) and are taken as true for purposes of this motion.

[3] In response to the question on the form Section 1983 Complaint regarding whether the events took place while Plaintiff was confined in a jail, prison, or other correctional facility, Plaintiff checked "No." (Compl. at 3.) However, elsewhere in the Complaint, Plaintiff describes the events as taking place at Sullivan Correctional Facility.

[4] The Complaint states that Plaintiff called New York City Sexual Abuse Prevention in May, June, and July, but does not specify the year. (Compl. at 2.)

2

2010). A court should accept non conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–cv–6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The court should read *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Even so, "*pro se* plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## DISCUSSION

Defendant argues that the present action should be dismissed because Plaintiff failed to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 (the "PLRA"). The Court agrees.

3

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09-cv-9199, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F. Supp. 2d 442, 447 (S.D.N.Y. 2007); *Veloz v. N.Y.*, 339 F. Supp. 2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that the plaintiff's claim is not exhausted. *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009). "[A] motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted only if 'non-exhaustion is clear from the face of the complaint.'" *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 580 (S.D.N.Y. 2015) (citing *Lovick v. Schriro*, No. 12-cv-7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alterations and internal quotation marks omitted)). *See also Lee v. O'Harer*, No. 9:13-cv-1022, 2014 WL 7343997, at *3 (N.D.N.Y. Dec. 23, 2014) ("Dismissal under Rule 12(b)(6) for failure to exhaust is appropriate if such failure is evidenced on the face of the complaint and incorporated documents."); *Sloane v. Mazzuca*, No. 04-cv-8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[B]y characterizing non-

4

exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss." (internal quotation marks omitted)).

A person detained or incarcerated at a DOCCS facility must exhaust all of the steps of the DOCC Inmate Grievance Resolution Program ("IGRP"). *See Robinson v. Henschel*, No. 10-cv-6212, 2014 WL 1257287, at *10 (S.D.N.Y. Mar. 26, 2014) ("the PLRA requires complete exhaustion in accordance with the administrative procedures within [DOCCS]") (internal quotation marks and citations omitted). The IGRP provides a three-tiered process for adjudicating inmate complaints: (1) the prisoner files a grievance with the IGRC, (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the CORC. *See Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir. 2009) (citing N.Y. Comp. Codes R. & Regs., tit. 7, § 701.7 (1999)).

It is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies. Indeed, the Complaint explicitly states that Plaintiff did not file a grievance. (Compl. at 4.) Accordingly, Plaintiff failed to satisfy the PLRA's exhaustion requirement.

The Court next considers whether there is any basis for excusing Plaintiff's failure to exhaust his administrative remedies. Recently, "the Supreme Court forcefully disapproved of judge-made exceptions to the PLRA's exhaustion requirement, stressing the mandatory language of the statute." *Mena v. City of New York*, No. 13-cv-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016)). Prior to the Supreme Court's decision in *Blake*, the Second Circuit had recognized a special circumstances exception to exhaustion. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).

5

However, in *Blake*, the Supreme Court rejected the special circumstances exception, holding that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." 136 S. Ct. at 1857. Therefore, the only viable exception to the exhaustion requirement is that a prisoner need not exhaust *unavailable* administrative remedies. *Blake*, 136 S. Ct. at 1852.[5]

In *Blake*, the Supreme Court enumerated three, nonexhaustive circumstances in which grievance procedures would be unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Third, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation [,]" a prisoner's failure to exhaust may be excused. *Id.* at 1860.

In the present case, Plaintiff has not alleged that the administrative procedures at Sullivan Correctional Facility were unavailable to him. The Complaint contains no allegations that the prison grievance process operated as a dead end or was so opaque as to render it unavailable. Instead, Plaintiff alleges in conclusory fashion that he was afraid to file a grievance. Such an

---

[5] Post-*Blake*, the Second Circuit had the occasion to revisit its framework for analyzing the PLRA's exhaustion requirements in *Williams v. Correction Officer Priatno*, No. 14-4777, 2016 WL 3729383 (2d Cir. July 12, 2016). After noting that *Blake* abrogated the Second Circuit's "special circumstances" exception, 2016 WL 3729383, at *4, the Court went on to conclude that the plaintiff in that case was excused from exhausting his grievance because "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it." *Id.* at *6. In that case, the plaintiff was housed in the special housing unit ("SHU") and alleged that the officer responsible for collecting grievances from SHU never filed his grievance. The Second Circuit concluded that the prison's regulations did not address adequately the procedure for exhausting an administrative remedy in this situation, thus rendering the administrative grievance process unavailable to the plaintiff.

6

allegation may, in some circumstances, implicate the third example of unavailability enumerated by the Supreme Court in *Blake*—unavailability due to the "machination, misrepresentation, or intimidation" of the inmate by prison administrators. 136 S. Ct. at 1860. However, the conclusory allegation in the Complaint that Plaintiff was afraid to file a grievance, absent any explanation of the reason for Plaintiff's fear or descriptions of prior scenarios of intimidation by correction officers, cannot support a finding that the grievance process was unavailable to Plaintiff. Courts in this Circuit are clear that "[a] general fear of retaliation is not an exception to the PLRA's exhaustion requirement." *See Hines v. Valhalla Cty. Corr. Facility*, No. 0C-cv-6935 (SAS), 2002 WL 1822740, at *3 (S.D.N.Y. Aug. 8, 2002); *Brown v. Napoli*, 687 F. Supp. 2d 295, 297–98 (W.D.N.Y. 2009) (collecting cases); *Harrison v. Stallone*, No. 9:06-cv-902 (LEK) (GJD), 2007 WL 2789473, at *5–6 (N.D.N.Y. Sept. 24, 2007) ("It has been held that a general fear of retaliation is *not* sufficient to excuse the exhaustion requirement. If an inmate could simply state that he feared retaliation, there would [be] no point in having a grievance procedure . . . .") (internal citation omitted) (emphasis in original). *But see Thomas v. Cassleberry*, No. 03-cv-6394L, 2007 WL 1231485, at *2 (W.D.N.Y. Apr. 24, 2007) ("allegations concerning widespread beatings and shacklings shortly after the incident giving rise to this lawsuit, coupled with his assertion that he was afraid for his life," in conjunction with the fact that the "plaintiff waited until he had been transferred from Southport to a different facility before filing the complaint in this action" are sufficient to suggest that the prison grievance process was unavailable to the plaintiff). As it is clear from the face of the Complaint that Plaintiff did not exhaust his grievance and that the prison grievance process was available to Plaintiff, Defendant is entitled to dismissal of Plaintiff's claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 18 and close the case.

Dated: August 31, 2016  
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge